**NEDLOG COMPANY, Plaintiff,**

v.

**ARA SERVICES, INC., Defendant.**

No. 89 C 378.

United States District Court,
N.D. Illinois, E.D.

Dec. 7, 1989.

Alan N. Salpeter, Elizabeth M. Streit, and Javier H. Rubinstein, Mayer, Brown & Platt, Chicago, Ill., for plaintiff.

Gary L. Starkman and Marc C. Smith, Arvey, Hodes, Costello & Burman, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Nedlog Company ("Nedlog") has moved for production of documents withheld by ARA Services, Inc. ("ARA") under claims of attorney-client privilege and (to a much lesser extent) the work product doctrine,[1] both identified to Nedlog by a privilege log prepared by ARA's counsel. In a procedure that not only conforms to standard

practice in this respect but also seems to follow a fortiori from *United States v. Zolin,* — U.S. —, 109 S.Ct. 2619, 2627–32, 105 L.Ed.2d 469 (1989),[2] ARA has submitted the documents to this Court for in camera inspection. Then at this Court's request and again with the parties' agreement, ARA has supplemented the documents with a November 24 letter (a copy of which was sent to Nedlog's counsel without ARA's waiving the privilege claim) in which ARA's counsel explains the bases of its claims.[3]

■ ARA's refusal, on asserted privilege grounds, to deliver to Nedlog the group of documents that have been furnished to this Court reflects a Pavlovian reaction that anything authored by or sent to someone possessing a J.D. degree is automatically attorney-client privileged.[4] But the mere presence of a lawyer's name at the top or bottom of a document is *not* the bell that causes the dog named Privilege to salivate. What is entitled to protection is really limited to the communication of confidences from client to lawyer, whether any such confidences (or sometimes the fact that confidences have been communicated) is disclosed in a client-authored document or a lawyer-authored response.

There is to be sure some disagreement among the authorities on that score (for a brief discussion of the issues, see 2 Weinstein's *Evidence* ¶ 503(b)[03], at 503–56 & n. 5 (1989 ed. including Release 35 of Aug. 1989)). But the general perception of the matter is that described in the last sentence of the preceding paragraph—to the same

---

1. As to the work-product claim, only Documents 4 and 33 (these like all other document references in this opinion are to the numbering in Nedlog's November 24, 1989 letter referred to later in the text) are specifically mentioned as implicating such a claim, and neither is the subject of a valid claim in that respect. As for any of the other documents, ARA has not identified exactly which ones it contends are covered by the work product doctrine—and again the brief discussion later in the text of this opinion explains why ARA has not made out a case on that score at this stage.

2. See particularly *id.* at 109 S.Ct. 2627 n. 9.

3. On November 21 Nedlog's counsel filed a document captioned "Nedlog's Position on ARA's Allegedly Privileged Documents," which was of course necessarily limited by counsel's lack of information about the withheld documents. This Court has taken that filing into account, as well as the earlier November 2 letter from Nedlog's counsel, corrected on one factual matter by a later November 14 letter.

4. At pages 8–9 of the November 24 letter from ARA's counsel Gary Starkman, Mr. Starkman says of a large block of the documents:
   Because the dominant purpose of each communication was legal in nature or effect, each is privileged.

effect, see Weissenberger's *Federal Evidence* § 501.5, at 159, 160 (1987):

> A client holds a privilege to prevent testimonial disclosure of communications made in confidence between himself and his lawyer during the course of a professional lawyer-client relationship.
>
>     \*      \*      \*      \*      \*      \*
>
> However, if the privilege applies, it protects not only the client's communications to the attorney but also statements by the attorney which would tend to reveal what the client had said.

Our own Circuit's law on the subject has recently been described by the Court of Appeals for the Federal Circuit in *American Standard Inc. v. Pfizer Inc.*, 828 F.2d 734, 745 (Fed.Cir.1987). And that discussion concluded with an agreement with the already-described general principles "requiring application of the privilege to lawyer-to-client communications that reveal, directly or indirectly, the substance of a confidential communication by the client."

Thus client-authored communications are covered by the privilege if they communicate confidences, while lawyer-authored communications are covered only if they reveal such communicated confidences. When the documents here are examined from that perspective of client confidences requiring protection, only a single paragraph in a single document passes muster in those terms: the second paragraph of Document 3. In no other instance does any document bring into play (either directly or by reflected image) any confidential information communicated from ARA to its lawyers (either outside counsel or in-house counsel) for purposes of obtaining legal advice.

■ As for any work-product claim, that too involves a doctrinal misapplication on ARA's part. In that respect Rule 26(b)(3) essentially codifies the doctrine explicated in *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947)—it relates to materials "prepared in anticipation of litigation or for trial." Other expressions of opinion by lawyers (for example, notes as to the proposed revision of a document in the process of negotiation) do not find sanctuary from discovery on work-product principles. ARA simply has not shown how the work-product doctrine shelters any of the documents here (as said before, analysis of that claim is made more difficult by ARA's own lack of specificity).

Accordingly ARA has not insulated itself from disclosure as to any of the documents submitted for review, except for the second paragraph of Document 3. It may redact that paragraph in transmitting the balance of the document to Nedlog's counsel. Subject only to that modification, ARA's counsel are ordered to deliver readable copies of all the documents to Nedlog's counsel on or before December 18, 1989.